# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>Robert Wilson Barnes<br>Colleen Marie Barnes<br>1 Yorkswell Lane<br>Greenville, SC 29607<br>**DEBTOR(S)** | CASE NO.: 09-07014-HB<br><br>CHAPTER 11 |

## PLAN OF REORGANIZATION

### ARTICLE I

The following terms, when used in the Plan, shall, unless otherwise indicated or the context otherwise requires, have the following meanings. The singular shall include the plural.

1.01    "Administrative Claim" shall mean a claim for any cost or expense of administration in connection with this Chapter 11 case, including, without limitation, the actual, necessary costs and expenses of preserving the Debtor's Estate (other than such claims or portions thereof, which, by their express terms, are not due or payable by confirmation), taxes, services or reimbursement of costs and expenses under Section 330 or Section 503 of the Bankruptcy Code or otherwise allowed by the Court, and all fees and charges assessed against the Debtor's Estate under Chapter 123, Title 28, United States Code.

1.02    "Bankruptcy Code" shall mean the Bankruptcy Reform Act of 1994 as contained in Title 11 U.S.C. and amendments thereto.

1.03    "Bar Date" shall mean the deadline established by the Court, after which any proof of claim filed will have no effect on the Plan.

1.04    "Claim" shall mean a right to payment from the Debtor's Estate which isevidenced by a timely filed proof of claim which is allowed by the Court, or if a proof of claim is not filed by the creditor, a right which otherwise appears in the Debtor's Bankruptcy Schedules and (i) is not scheduled as disputed, contingent or unliquidated, or, (ii) has not been resolved by Final Order of the Court in this Reorganization Case.

1.05    "Confirmation Date" shall mean the date set by the Court pursuant to Section 1128 of the Bankruptcy Code for hearing on confirming the Plan on which the Court enters an order determining that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code.

1.06    "Court" shall mean the United States Bankruptcy Court for the District of South Carolina presiding over the Reorganization Case, or, if necessary the United States District Court of the District and Division having original jurisdiction over the Reorganization Case.

1.07    "Creditors" shall mean all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever, as designated in Section 101(4) of the Bankruptcy Code.

1.08    "Creditors' Committee" shall mean the Official Unsecured Creditors' Committee established by Orders of the Court.

1.09    "Debtor" or "Debtor-in-Possession" shall mean Robert Wilson Barnes and Colleen Marie Barnes.

1.10  "Effective Date" shall mean the eleventh day following the date of the Order Confirming Plan, if no notice of appeal is timely filed, or if a notice of appeal is filed, during which time no motion for stay pending appeal is granted or supersedes bond is approved and filed; but, in the event a stay is granted or supersedes bond is approved and filed, then it shall be the date on which the Order Confirming the Plan becomes a Final Order.

1.11  "Estate" shall mean the Estate created by the commencement of the Reorganization Case.

1.12  "Filing Date" shall mean May 5, 2009, the date upon which this Reorganization Case was commenced.

1.13  "Final Decree" shall mean the order of the Court entered after all payments and distributions of Monies called for under the Plan have been made (i) discharging the Trustee, if any and canceling his bond, (ii) making provision by way of injunction or otherwise as may be equitable, and (iii) closing the Reorganization Case.

1.14  "Final Order" shall mean an order of the Court which, not having been reversed, modified or amended and not being stayed, and the time to appeal or seek review or rehearing having expired, has become conclusive of all matter adjudicated thereby and is in full force and effect.

1.15  "Judgment Creditor" shall mean any Creditor which obtained a final judgment against the Debtor and which abstracted such judgment in the real property records of any county in which the Debtor owned real estate, provided that such abstract was filed more than ninety (90) days prior to the commencement of this case.

1.16  "Lien" shall mean mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on Property as is effective under applicable law as of the date of the commencement of the Reorganization Case.

1.17  "Monies" shall mean all cash, income or proceeds from the sale or other disposition of Property.

1.18  "Order Confirming Plan" shall mean the order of the Court determining that the Plan meets therequirements of Chapter 11 of the Bankruptcy Code.

1.19  "Plan" shall mean Robert Wilson Barnes and Colleen Marie Barnes's Plan of Reorganization in its present form or as it may be amended, modified or supplemented.

1.20  "Property" shall mean the property of the Estate which shall be administered by the Trustee if one is appointed or by the Debtor-in-Possession if no Trustee is appointed.

1.21  "Pro Rata" shall mean a distribution to each holder of a claim in the same proportion that the allowed amount of such holder's claim bears to the total of all claims on the Confirmation Date.

1.22  "Reorganization Case" shall mean the case for the reorganization of the Debtors now pending in Court and styled: IN RE: ROBERT WILSON BARNES AND COLLEEN MARIE BARNES, CASE NUMBER 09-07014-HB.

1.23  "Secured Claim" shall mean the claim of any creditor secured by Liens on Property, which Liens are valid, perfected and enforceable under applicable law, and are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case, to the extent of the value of the security, as determined in accordance with Section 506 of the Bankruptcy Code.

1.24  "Trustee" shall mean the person, if any, approved by the Court pursuant to 11 U.S.C. Section 1104 to administer the Estate pursuant to the terms of the Plan.

1.25  "Unsecured Claim" shall mean the Claim of any Creditor of the Debtor(s) other than a Secured Claim, and shall

include a Claim arising out of the rejection of an executory contract against the Debtor(s) and shall also include a judgment creditor who either (i) did not abstract such judgment in any county in which the Debtor(s) owned real property or (ii) abstracted such judgment within ninety (90) days of the commencement of the case.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01** Except to the extent that the holder of a particular claim has agreed to a different treatment, with respect to a Class of claims of a kind specified in §507(a)(1), 507 (a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Bankruptcy Code, each holder of such Class will receive:

(i) if such Class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim, or

(ii) if such Class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim.

**2.02** Except to the extent that the holder of a particular claim has agreed to a different treatment, with respect to a claim of a kind specified in §507(a)(2) or 507(a)(3) of the Bankruptcy Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim. As to a claim of a kind specified in §507(a)(8), the holder of such claim will receive on account of such claim regular installment payments in cash,

(i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

(ii) over a period ending not later than 5 years after the date of the order for relief under §301, 302, or 303; and

(iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under §1122(b).

2.03 **Class 3(A) through 3(B)** - Secured Claims held by creditors with security interests in personal and/or real property, including stock.

2.04 **Class 4** - Claims of Judgment Creditors and Mechanics Liens.

2.05 **Class 5** - Executory Contracts and Unexpired Leases.

2.06 **Class 6** - Claims of General Unsecured Creditors.

2.07    **Class 7** - Equity ownership shall compose Class 7.

## ARTICLE III

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

3.01    **Class 1** Except to the extent that the holder of a particular claim has agreed to a different treatment, with respect to a Class of claims of a kind specified in §507(a)(1), 507 (a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Bankruptcy Code, each holder of such Class will receive:

(i)    if such Class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim, or

(ii)    if such Class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim.

3.02    **Class 2** Except to the extent that the holder of a particular claim has agreed to a different treatment, with respect to a claim of a kind specified in §507(a)(2) or 507(a)(3) of the Bankruptcy Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim. As to a claim of a kind specified in §507(a)(8), the holder of such claim will receive on account of such claim regular installment payments in cash,

(i)    of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

(ii)    over a period ending not later than 5 years after the date of the order for relief under §301, 302, or 303; and

(iii)    in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under §1122(b).

3.03    **Class 3(A) through 3(B)** Secured Claims held by Creditors with security interests in real and/or personal property, including stock, shall be paid in monthly installments beginning on the Effective Date of the Plan and continuing until such time as they are paid in full, unless the collateral securing these debts is to be surrendered, in which case any deficiency shall be treated as stated below. The Property securing the Secured Claims will remain subject to the liens and interest of each secured Creditor to the extent of the value of the collateral until such claims are paid. Class 3(A) through 3(B) shall be treated as separate classes for voting purposes, and shall be deemed to be impaired. If Property upon which a lien or mortgage has been perfected is sold, then the value of such allowed secured claim shall be paid from proceeds of the sale in the order of priority according to 11 U.S.C. Section 363 and all other applicable sections of the Code. The debtor reserves the right in this Plan to surrender collateral securing a particular claim in full satisfaction of that claim if such treatment is stated as to that particular claimant in the Plan. The debtor also reserves the right to surrender collateral securing a particular claimant's claim after confirmation of the Plan, and even after the closing of the case with any deficiency after liquidation of said collateral paid by the debtor as a class 6 general unsecured claim, but only if such creditor chooses to seek a deficiency. Should such claimant seek a deficiency from the debtor, said claimant must communicate same in writing to the debtor and debtor's attorney within 90 days after the

liquidation of such collateral, or such deficiency claim shall be barred. In the case of foreclosure upon real property, the 90 day period shall not apply if the claimant has stated in its foreclosure complaint that it does not intend to seek a deficiency. The debtor reserves this right even if the Confirmed Plan states that the debtor will retain such collateral and pay the claim in full.

3.04    **Class 4** Judgment Creditor Claims and Mechanics Liens, if any, are impaired under the Plan. If Property upon which a Judgment or Mechanics Lien has been perfected is sold, then such Class shall be paid their allowed Claims without interest from any proceeds remaining from the sale of that Property to which any judgment or mechanics lien attached, in the order of the date of filing of such liens, but only after all Class 3 claims secured by such property have been paid in full. Otherwise, Judgment and Mechanics Lien Creditors shall be paid in monthly installments beginning on the Effective Date of the Plan and continuing until such time as they are paid in full. To the extent of any deficiency, Judgment and Mechanics Lien Creditor Claims shall be treated as Unsecured Claims.

3.05    **Class 5** Executory Contracts and Unexpired Leases. All Contracts which existed as of the Filing Date between the Debtor(s) and any individual or entity, whether such contract be in writing or oral, which have not heretofore been accepted by Final Order, are hereby specifically rejected. Any person or entity claiming rights under an executory contract or unexpired lease rejected pursuant to the provisions of this Article or 11 U.S.C. Section 365 shall have thirty (30) days after the Confirmation Date to file a proof of claim, or such additional time as the Court, before that date, may allow.

3.06    **Class 6** Claims of General Unsecured Creditors shall be impaired under the Plan. Such Class shall be paid a percentage of their allowed Claims without interest after the Effective Date as set forth in this Plan of Reorganization. This Class is deemed to be impaired.

3.07    **Class 7** Equity Ownership. This class will receive no monies; however, the stock ownership if the Debtor is a corporation, by members of this Class shall be retained. If the Debtor is not a corporation, then equity ownership will include a partnership property if the Debtor is a partnership or any interest in personal or real property of the Debtor if the Debtor is an individual. This Class shall be deemed to be impaired.

## ARTICLE IV

## BAR DATE FOR FILING OF CLAIMS

4.01    Any Proof of Claim not filed by the Bar Date shall be of no force and effect and shall not be entitled to a distribution. Applications for payment or compensation of Section 503 Administrative expenses as Class I Claims are not required to be filed within such period.

## ARTICLE V

## DISPUTED CLAIMS; OBJECTIONS TO CLAIMS

5.01    The Trustee, if any, or the Debtor-in-Possession if no Trustee is appointed, may file an objection to any Claim as to its validity or amount within 120 days after the Confirmation Date. Objections not filed within such time period shall be deemed waived. In no event, however, shall any claimant be entitled to a double recovery, if such claimant has received any other payment during this Reorganization Case. If an objection is filed to any Claim, payments on such Claim will be made only after entry of a Final Order of the Court allowing such Claim, at the time and in the manner provided for by such Final Order, and in accordance with the provisions of the Plan governing the Class to which such Claim belongs. Distribution to all other claimants shall be made in the event the challenged Claim is disallowed in whole or in part.

## ARTICLE VI

## MODIFICATION OF PLAN

6.01    The Debtor(s) may propose amendments or modifications to the Plan at any time prior to the Confirmation Date, with leave of Court, upon proper notice. After entry of the Order Confirming Plan, the Trustee, if any, or the Debtor may, with approval of the Court, and so long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Order Confirming Plan, in such manner as may be necessary to carry out the purpose and intent of the Plan. A holder of a Claim that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, the Plan as modified, unless, within the time fixed by the Court, such holder changes its previous acceptance or rejection.

## ARTICLE VII

## SCHEDULE OF DISTRIBUTION OF PAYMENTS TO CREDITORS

**Class 1.** <u>Administrative Claims</u>

**United States Trustee:** 28 U.S.C. §1930(a)(6) provides as follows:

In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States Trustee, for deposit in the Treasury, in each case under Chapter 11 of Title 11 for each quarter (including any fraction thereof) until the case is closed, dismissed or converted to another chapter. This fee is based upon the disbursements made each quarter by the Debtor-in-Possession, and the amount of such fees are based upon a schedule provided in the above-described statute a copy of which was provided to the Debtor-in-Possession at the beginning of the Chapter 11 case. Such fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.

**Class 2.** Priority Claims

**Internal Revenue Service**: This entity filed an amended proof of claim on February 12, 2010. The priority portion was shown as $37,406.97. The debtors dispute this claim as their tax preparer, H&R Block has advised that an amended return needs to be filed based upon a mistake that the tax prepraer made, which may result in a substantial refund. Therefore, the debtors will await the outcome of that amended return prior to stating specific payments if any to this creditor. This issue will also affect the net equity in assets, which affects the specific payout to general unsecured creditors.

**Greenville County Tax Collector:** This creditor filed a proof of claim on October 23, 2009 in the amount of $4,056.97 representing 2009 ad valorem taxes on the debtors' primary residence located at 1 Yorkswell Lane, Greenville, SC and their rental condominium located at 521 Fagin Circle, Mauldin, SC. It then filed a claim on November 6, 2009, in the amount of $198.59. Although, the most recent claim does not state that it is an amended claim, the debtors believe that it is intended to be. Upon information and belief these claims have been paid, and the debtors owe no further funds to this tax entity. Therefore, none will be paid in this chapter 11 plan.

**Class 3. Secured claims**

**(A)    BAC Home Loan Servicing LP: (Secured by Mortgage upon primary residence located at 1Yorkswell Lane, Greenville, SC.** This creditor filed a proof of claim on November 6, 2009, in the amount of $398,866.73. The debtors will continue to pay the sum of $2,756 per month at the contractual rate of interest until this debt is paid in full. Therefore, in essence this creditor is being paid outside the chapter 11 plan, and will not, therefore, delay the debtors' discharge after unsecured and priority creditors have been paid under the plan.

**(B) Bank of America**: ( Secured by mortgage upon residential condominium located at 521 Fagin Circle, Mauldin, SC. This creditor filed a proof of claim in the amount of $103,498.78. The debtors will continue to pay the contractual payment of $717.72 per month at the normal contractual rate of interest until the debt is paid in full. Therefore, in essence this creditor is being paid outside the chapter 11 plan, and will not,

therefore, delay the debtors' discharge after unsecured and priority creditors have been paid under the plan.

**Class 4. <u>Judgement Creditor Claims and Mechanics Liens</u>**

    **NONE**

**Class 5. <u>Executory Contracts and Unexpired Leases</u>**

All Contracts which existed as of the Filing Date between the Debtors and any individual or entity, whether such contract be in writing or oral, which have not heretofore been accepted by Final Order, or in the Plan of Reorganization, are hereby specifically rejected. Any person or entity claiming rights under an executory contract or unexpired lease rejected pursuant to the provisions of this Article or 11 U.S.C. Section 365 shall have thirty (30) days after the service of the chapter 11 plan to file a proof of claim, or such additional time as the Court, before that date, may allow.

Executory contracts specifically accepted or rejected:

The debtor accepts the royalty agreement with this entity.

The debtor rejects the covenant not to complete with this entity.

**Class 6. <u>General unsecured creditors</u>**

    **Bank of America:** This creditor filed a proof of claim in the amount of $147,276.91. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC" located at 124 Cotter Lane, Greer, SC.

    **Bank of America:** This creditor filed a proof of claim in the amount of $54,801.47. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes

Commercial Holdings, LLC". Although the creditors proof of claim does not identify the LLC property upon which this claim is attached with a personal guaranty by debtors, the debtors believe that the claim is secured by LLC owned property located at Highway 276, Greer Highway, Cleveland, SC.

**Bank of America:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at 41 North Orchard Farms Avenue, Simpsonville, SC.

**Bank of America:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at 502 Collingsworth Lane, Greenville, SC.

**Bank of America:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at 4 Breckenridge Court, Greenville, SC.

**Bank of America:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at Lot 14, 130 Topsail Drive, Anderson, SC.

**Bank of America:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at Lot 52, Bridge View Court, Cleveland, SC.

**Bank of America:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at Lot 64, and 65 Bridge View Court, Cleveland, SC.

**Bank of America (ending in 00281: Commercial unsecured line of credit):** This creditor filed a proof of claim in the amount of $138,674.28.

**Bank of America (#8253, Business credit card):** This creditor did not file a proof of claim; however, the debtor scheduled the debt as unsecured in the amount of $35,000.

**Bank of America (#2600, credit card):** This creditor did not file a proof of claim; however, the debtor scheduled the debt as unsecured in the amount of $4,000.

**BB&T:** This creditor filed a proof of claim in the amount of $70,510.35. The documentation attached to the proof of claim reflects that it is represented by a promissory note executed by debtor Robert Barnes as member of Sable Investment Group, LLC, and he also executed a personal guarantee according to that documentation.

**Chase (Visa credit card #0466):** This creditor filed a proof of claim in the amount of $3,950.56. **Chase (Visa credit card #2527):** This creditor filed a proof of claim in the amount of $891.89.

**Chase (Visa credit card #8555):** This creditor filed a proof of claim in the amount of $3,483.38.

**Community Bank:** This creditor filed a proof of claim in the amount of $197,558.08 as secured. However, this claim is unsecured as to the debtors, because it is secured by real property owned by a business owned by Mr. Barnes known as "Spring River Holdings, LLC" located at 5154 Elmore Road, Memphis, TN 38134. Documents attached to this creditor's proof of claim indicate that the promissory note was personally guaranteed by debtor Robert Barnes, and another individual, and that the value of the real property securing the debt exceeds the net balance of the debt.

**Dockside Marina:** This creditor did not file a proof of claim. However, the debtors scheduled a claim for this creditor as disputed. Therefore, no payment will be made to this entity.

**FIA Card Services, NA as successor in interest to Bank of America, NA and MBNA, 1000 Samoset Drive, DE5-023-03-03, Newark, DE 19713:** This creditor filed a proof of claim in the amount of $59.95.

**First Citizens:** This creditor filed a proof of claim in the amount of $543,072.41. The claim was correctly filed as unsecured as to the debtors personally, because the claim is secured by real property owned by the debtors' business known as "Barnes Commercial Properties, LLC" located at 1001 West Wade Hampton Blvd., Greer, SC. 29650.

**First Citizens:** This creditor filed a proof of claim in the amount of $18,507.03. The claim was correctly filed as unsecured as to the debtors personally, because the claim represents an unsecured commercial loan

to a business known as "Sable, LLC" of which debtor Robert Barnes is a principal along with another individual with Robert Barnes having executed a personal guarantee.

**Graphic Arts Acquisition Corporation :** This creditor filed a proof of claim in the amount of $3,000,000. The creditor's proof appears to be based upon a pre-petition lawsuit filed prior to the bankruptcy. The debtors dispute this claim as this creditor has received no order from a court of competent jurisdiction reflecting that it is owed this amount of money, and this creditor did not file an adversarial proceeding in the bankruptcy court either.

**Home Depot:** This creditor did not file a proof of claim. However, the debtors scheduled a claim for this creditor in the amount of $100.00.

**Johnson Electric Company:** This creditor did not file a proof of claim. However, the debtors scheduled a claim for this creditor in the amount of $500.00.

**Lowes:** This creditor did not file a proof of claim. However, the debtors scheduled a claim for this creditor in the amount of $50.

**Pinnacle Bank of SC:** This creditor filed a proof of claim in the amount of $786,593.71. The claim was filed as secured. However, the claim is unsecured as to the debtors personally, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC" located at 20 Lowery Drive, Greenville, SC.

**Screenprint/Dow, Inc. c/o Rory D Whelehan, Esquire, Womble Carlyle Sandridge & Rice, PO Box 10208, Greenville, SC 29603-0208:** This creditor filed a proof of claim in the amount of $163,609.50. The creditor's proof appears to be based upon a pre-petition lawsuit filed prior to the bankruptcy. The debtors dispute this claim as this creditor has received no order from a court of competent jurisdiction reflecting that it is owed this amount of money, and this creditor did not file an adversarial proceeding in the bankruptcy court either.

**Victor and Anne Lopez:** This creditor filed a proof of claim in the amount of $267,375.46, alleging it to be a priority claim. This is not a priority claim under the Bankruptcy Code as it meets none of section 507's priority elements, and is not, therefore, entitled to priority status, and will not be paid as such in this chapter

11 plan. The creditor's claim appears to be a general unsecured non-priority claim; however, the debtors dispute the amount of the claim as filed, because the documentation attached to the claim appears to reflect costs and other charges that the debtors dispute.

**Wachovia Bank:** This creditor filed a proof of claim in the amount of $481,805.24. This claim was correctly filed as unsecured as to the debtors, because it is secured by by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at 394 W. Butler Road, Mauldin, SC.

**Wachovia Bank:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC" located at 1001 South Church Street, Unit 203, Greenville, SC.

**Wachovia Bank:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at 14 Buckhannon Road, Greenville, SC.

**Wachovia Bank:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at 18 Shadowrock Court, Greenville, SC.

**Wachovia Bank:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at 207 Ackerman Court, Greenville, SC.

**Wachovia Bank:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at 209 Valhala Lane, Simpsonville, SC.

**Wachovia Bank:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors, because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at 312 Abbey Gardens Lane, Simpsonville, SC.

**Wachovia Bank:** This creditor did not file a proof of claim. This debt is unsecured as to the debtors,

because it is secured by real property owned by the debtors' business known as "Barnes Commercial Holdings, LLC located at 34 Mountain Rose Court, Simpsonville, SC.

**Wachovia Bank**: This creditor did not file a proof of claim; however, the debtors listed the claim as a business line of credit in the amount of $250,000 of which they personally guaranteed.

**Class 7.** Equity Ownership: The debtor will retain all interest in property that he owns.

**DEBTORS ARE INDIVIDUALS**

*/s/ Robert H. Cooper*

Robert H. Cooper, Dist. Ct. ID #5670
THE COOPER LAW FIRM
Attorneys for the Debtor
3523 Pelham Road, Ste B
Greenville, South Carolina 29615
(864) 271-9911 Phone
(864) 232-5236 Facsimile
rhcooper@thecooperlawfirm.com

Dated this 4th day of April, 2010